NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIO PALOMO, | : | |
| | : | Civil Action No. 17-5923 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| SHERRY YATES, et al., | : | |
| | : | |
| Defendants. | : | |

**CECCHI, District Judge.**

This matter has come before the Court on (1) the letter responses (ECF Nos. 23–24) to this Court's Order temporarily vacating the Court's prior decision granting in part and denying in part Defendants' motion to dismiss Plaintiff's complaint (ECF Nos. 16, 18, 22) and (2) Plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment (ECF No. 28). Defendants opposed Plaintiff's motion (ECF No. 34), and Plaintiff replied (ECF No. 40).

By way of background, Plaintiff Mario Palomo filed his underlying civil rights complaint in state court, and Defendants removed that complaint to this Court on August 9, 2017. ECF No. 1. Defendants thereafter filed a motion to dismiss the complaint (ECF No. 11), which the parties then briefed. *See* ECF Nos. 12–13. On June 1, 2018, this Court entered a memorandum and order which granted in part and denied in part Defendants' motion. ECF No. 16. Specifically, this Court dismissed without prejudice both Plaintiff's New Jersey Law Against Discrimination ("NJLAD") claim and federal Americans with Disabilities Act ("ADA") claim. *Id.* It did so both because Plaintiff's alleged infirmity—his propensity to commit sexual offenses—was not clearly a disability giving rise to liability under either statute and Plaintiff had in any event failed to plead

facts indicating an express intent to discriminate as required by the NJLAD. *See* ECF No. 16 at 4–5. This Court denied Defendants' motion as to Plaintiff's equal protection claim. It found that Plaintiff had pled a facially plausible "class of one" equal protection claim by asserting that he was similarly situated to other New Jersey convicted prisoners, and was being treated differently—i.e., being denied ebook versions of books he was otherwise permitted to purchase and certain classes which were available to inmates at other facilities—without a rational basis for the difference in treatment. *See id.* at 3–4; *see also Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Williams v. Macut*, 677 F. App'x 40, 41 (3d Cir. 2017).

In that opinion, however, this Court mistakenly concluded from the scant information in the complaint that Plaintiff was civilly committed as a compulsory sex offender and not a prisoner. ECF No. 16 at 1. When this fact was brought to the Court's attention, this Court entered an order temporarily vacating the prior memorandum and order and gave the parties an opportunity to respond before the Court entered an amended order. ECF Nos. 18, 22. The parties now agree that Plaintiff is, in fact, a convicted state prisoner serving a criminal sentence for various sex offenses confined to the Adult Diagnostic Treatment Center ("ADTC") rather than a civilly committed individual. *See* ECF Nos. 23–24. On the basis of this difference, Defendants contend that this Court should dismiss all of Plaintiff's claims as his sex offense conviction provides sufficient difference between himself and other prisoners that his class of one claim must fail, *see* ECF No. 24 at 4–5, and Plaintiff instead claims that all of his claims should now proceed because this Court's prior ruling was based entirely on his not being a prisoner. *See* ECF No. 23 at 3–5.

Having reviewed the parties' responses, this Court concludes that nothing in this Court's prior order was legally dependent upon the distinction between a civilly committed individual and a prisoner. Although this Court considered Plaintiff a civilly committed individual instead of a

2

prisoner, the prior memorandum and order was premised on the assumption that Plaintiff was similarly situated to a convicted state prisoner. *See* ECF No. 16 at 3. That is no less true now that it has become apparent that he is a convicted state prisoner. This Court's reasoning in dismissing Plaintiff's NJLAD and ADA claims remains fully applicable to this matter, and this Court therefore adopts that reasoning and once again dismisses both of those claims without prejudice for the reasons stated in this Court's prior memorandum and order. ECF No. 16 at 3–5.

Turning to Defendants' assertion that Plaintiff's status as a convicted criminal is sufficient to render his class of one claim void, this Court finds no basis for reaching such a conclusion based on the face of the complaint and Plaintiff's sex offense conviction alone. As this Court previously stated, a class of one claim has three elements: (1) that the defendant treated the plaintiff differently from others similarly situated, (2) that the defendant did so intentionally, and (3) that there was no rational basis for the difference in treatment. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (citation omitted). In his complaint, Plaintiff alleges that he is a convicted prisoner, that he is similarly situated to other New Jersey convicted prisoners serving their sentences outside of the ADTC, and that Defendants have purposely treated him differently by denying him ebook access and certain educational classes available to other prisoners without a rational basis for this difference. *See* ECF No. 16 at 3–4. Although Plaintiff acknowledges some difference—the treatment aspect of his sentence—he alleges that this distinction is meaningless for this purpose as nothing treatment-specific warrants completely barring him from classes or ebook possession. *See* ECF 1-1 at 7–8. This Court acknowledges that a sex offender's sentence may contain certain treatment aspects that, in some circumstances, warrant restrictions on the possession of ebooks or access to certain classes involving computers, which appear to be the types of classes about which Plaintiff complains. Nothing in the complaint, however, clearly suggests that Plaintiff is directly

3

subject to such restrictions, and this Court cannot, on the basis of the complaint alone, conclude that Plaintiff is not similarly situated to other prisoners in relation to ebook and class access based solely on the fact that he was convicted of a sex offense. This Court will therefore once again deny Defendants' motion in part to the extent it sought the dismissal of Plaintiff's equal protection claim and will permit that claim to proceed at this time.

Finally, as Defendants have not yet filed an answer, Plaintiff's motion for judgment on the pleadings (ECF No. 28) will be denied without prejudice as premature.[1] According to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). Here, the pleadings are not "closed" because Defendants have not filed an answer. *Brown v. Port Auth. Transit Corp.*, No. 22-3199, 2023 WL 4747678, at *6 (E.D. Pa. July 24, 2023); *see also Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) ("The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer."). Likewise, as the parties have not yet engaged in discovery, Plaintiff's alternative request for summary judgment pursuant to Rule 56(d) will also be denied without prejudice as premature. *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (noting that a court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery") (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988)); *see also Gooden v. Twp. of Monroe*, No. 05-2472, 2006 WL 561916, at *2 (D.N.J. Mar. 7, 2006) (denying a motion for summary judgment as premature "because [p]laintiff has not had an opportunity to obtain important relevant evidence through discovery channels"); *Johnson v. Martinez*, No. 04-1967, 2006 WL 208640, at

---

[1] Plaintiff advised the Court that he does not challenge Defendants' opposition to his motion for judgment on the pleadings. ECF No. 40. However, as Plaintiff has not explicitly stated his intent to withdraw the motion, the Court addresses it on the merits herein.

4

\*4 (E.D. Pa. Jan. 19, 2006) (denying defendants' motion "without prejudice insofar as it seeks summary judgment, since such a request is premature until discovery is complete").

Accordingly, **IT IS** on this 16th day of October, 2025;

**ORDERED** that Defendants' motion to dismiss, (ECF No. 11), is hereby **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiffs ADA claim is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs NJLAD claim is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's equal protection claim only shall **PROCEED** at this time; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings or, in the alternative, for summary judgment (ECF No. 28), is **DENIED WITHOUT PREJUDICE**, and it is finally

**ORDERED** that the Clerk's Office shall serve this Order upon Plaintiff by regular mail.

**SO ORDERED**.

                                        *s/ Claire C. Cecchi*
                                        Claire C. Cecchi, U.S.D.J.